PER CURIAM:
Claimant brought this action to recover expenses incurred when he suffered physical injuries in a bicycle accident that occurred on May 20, 1989, in Hinton, West Virginia. Claimant was riding his bicycle on the bridge over the Greenbrier River which connects Hinton to Bellepoint. Claimant, who was 18 at the time of the incident, and a friend were both riding their bicycles across the bridge when the front wheel of the claimant’s bicycle struck or got caught by *173 an allegedly exposed re-bar on the bridge causing claimant to fall against the concrete rail of the bridge. Claimant suffered a concussion as a result of the incident. The Court need not consider the damages at this time as the claim was heard on the issue of liability only.
Claimant testified that he and his fried, Bobby Biggs, were on their way to Bellepoint from Hinton when the accident occurred. When they approached the bridge, they both got off of their bicycles in order to lift them onto the sidewalk of the bridge. Claimant was riding approximately 20 feet in front of his friend. He testified that he was rendered unconscious when he struck his head and does not remember how the accident happened. His friend, Bobby Biggs, who was riding behind him later told him how the accident occurred. He explained to the claimant that a re-bar had struck in the spoke of the front tire of the bicycle which caused the claimant to go forward over the handle bar and flip two or three times hitting his head on the railing and the pavement. It was common for the claimant and his friends to ride their bicycles across the bridges, as the travel portion of the bridge was narrow and vehicles experienced problems getting around bicyclists. Claimant rode his bicycle across this bridge on a daily basis. He was aware of the deteriorated condition of the sidewalk on the bridge. He and his friends normally rode their bicycles on the sidewalk rather than walk their bicycles. The claimant was not wearing a helmet when this accident occurred.
Claimant’s mother, Constance Rey Tolbert, described the bridge and sidewalk. She stated that the cement was crumbling and there were places that metal bars were showing through the sidewalk itself. She was unable to describe the condition of the sidewalk at the place where the claimant had his accident.
A resident of Hinton, James Sampson, testified that he had observed many bicyclists crossing the bridge and it was common for them to use the sidewalk as there was generally heavy traffic on the travel portion of the bridge which was too narrow for two lanes of traffic and bicyclists. He had noticed that there were exposed re-bars above the concrete on the sidewalk and there was loose cement covering the re-bars. He had been driving his 1987 Chevrolet pickup truck across the bridge on the day of claimant’s accident and he had seen the claimant fall, but he was not aware of the facts and circumstances of the accident.
Respondent contends that the sidewalk was in a slight state of deterioration, but the condition of the sidewalk did not present any hazards to the public. Respondent further contends that somebody riding a bicycle assumes a greater risk by riding a bicycle on the sidewalk.
JoeB. Hayes, Jr., Assistant District Engineer for bridges in District 9, testified that the sidewalk of this bridge was in fact repaired shortly after claimant’s accident. He examined the sidewalk at the scene of the accident. He did not observe any tie wires sticking up although there was some exposed re-bar on the outside of the sidewalk. His physical inspection of the accident site was in some state of disrepair, there were areas where the sidewalk was two-to-three feet wide and the exposed re-bar was on the edge of the sidewalk. Respondent had planned a project for repairing the sidewalk during that summer.
*174 The Court is of the opinion that claimant has established that respondent had allowed an unsafe condition to exist on the sidewalk of this bridge. Respondent was aware of the deteriorated cement and exposed re-bars, and this condition posed a hazard not only to bicyclists but to pedestrians using the sidewalk. It was apparently a common practice for bicyclists to use the sidewalk due to the narrow lanes for the traffic. The Court has determined that respondent was negligent in maintenance of the sidewalk. However, the Court is also of the opinion that claimant was also aware of the deteriorated condition of the sidewalk on the bridge as he testified that he crossed the bridge approximately four times every day. He had the opportunity to walk his bicycle across the bridge on the sidewalk. When he decided to ride his bicycle, his action greatly increased the risk of an accident. This was an unfortunate incident but, the Court is of the opinion that claimant’s negligence is equal to or greater than that of the respondent.
Accordingly, the Court is of the opinion to and does deny this claim.
Claim disallowed.